IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EDWIN C. HOERNER | * | |
| Petitioner | * | |
| v | * | Civil Action No. SAG-21-3168 |
| WILLIAM S. BOHRER and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents | * | |

\*\*\*

## **MEMORANDUM OPINION**

Respondents filed a limited response assert that the above-entitled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed because the claims asserted have not been exhausted. ECF 3. Petitioner Edwin C. Hoerner has filed a reply and a supplemental reply asserting that respondents are attempting to subvert Maryland State law by their assertion that he has not exhausted his claims. ECF 5; ECF 6. No hearing is necessary to resolve the matters pending. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2021); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons that follow, the petition shall be dismissed without prejudice for failure to exhaust.

**Background**

By his petition Hoerner seeks to challenge the validity of his conviction for second degree assault and reckless endangerment. ECF 1 at 1. On October 6, 2021, following a jury trial in the Circuit Court for Montgomery County, Hoerner received a six-year sentence consecutive to the sentence he was already serving when the incident giving rise to the assault occurred. *Id*. Hoerner was charged with the assault after he engaged in a fight with another inmate during which Hoerner

bit off part of the other inmate's ear. ECF 3 at 5; ECF 3-1 at 14-16 (application for statement of charges).

On October 28, 2021, Hoerner filed a direct appeal which remained pending when he filed the petition in this court. ECF 3-1 at 4. On December 17, 2021, the Court of Special Appeals issued a scheduling order requiring Hoerner to file a brief on or before February 1, 2022. *Id*. at 28.

In addition to his direct appeal, Hoerner filed a petition for post-conviction relief which was docketed in the Circuit Court for Washington County on October 14, 2021. ECF 3-1 at 17-23. On October 21, 2021, the State filed a response to Hoerner's post-conviction petition. *Id*. at 4. The post-conviction proceedings remain pending before the circuit court. *Id*.

The claims Hoerner asserts in his petition filed with this court are as follows: (1) ineffective assistance of trial counsel for eliciting a Fifth Amendment claim from the victim, refusing to call an exculpatory witness, and actively sabotaging the defense; and (2) the State suborned perjurious testimony from the victim and suppressed an exculpatory report. ECF 1 at 4. Hoerner does not indicate whether any or all of his claims are raised in his pending direct appeal or post-conviction proceedings.

## Discussion

As previously stated by this court, all claims asserted in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 must be exhausted through the Maryland courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). A federal habeas court may excuse the exhaustion requirement if there is an absence of available state corrective process or the process is ineffective. In other words, exhaustion is required if state remedies are available and meaningful, and not so deficient so as to be futile. 28 U.S.C. § 2254(b)1)(B)(1); *see Duckworth*

*v. Serrano*, 454 U.S. 1, 3 (1981) (noting an exception to the exhaustion requirement is made "if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief."). A petitioner "may not bypass the state courts simply because he thinks they will be unsympathetic to the claim." *Engle v. Isaac*, 456 U.S. 107, 130 (1982). Further, a petitioner has the burden of establishing that the state court proceedings are "so clearly deficient as to render futile any effort to obtain relief." *Duckworth*, 454 U.S. at 3.

Here, there has been no delay by either the Maryland Court of Special Appeals considering Hoerner's direct appeal, nor the Circuit Court's consideration of his petition for post-conviction relief. To the contrary, Hoerner correctly states that the statutory scheme in Maryland specifically provides that if a direct appeal has been filed, the post-conviction court need not appoint counsel, hold a hearing, or otherwise act on the petition for post-conviction relief. ECF 5 at 2, citing Md. Code Ann., Cts. & Jud. Proc. § 7-108(b)(2). Given his pending direct appeal, Hoerner's post-conviction petition need not be addressed. Further, if Hoerner attempts to raise a claim in his post-conviction petition that could have been raised on direct appeal but was not, the claim will be deemed waived under Maryland law. *See* Md. Code Ann., Cts. & Jud. Proc. 7-106(b).

Hoerner's accusation that "Respondents' malfeasance and subversion perpetuated in the 'exhaustion process'" is the underlying reason why he filed his petition in this court is not based on any discernible supporting facts. ECF 5 at 3. Additionally, his suggestion that the State's Attorney for Washington County is attempting to manipulate him to dismiss his appeal so that he may receive a hearing and the benefit of counsel for his post-conviction proceedings borders on the absurd. Other than the normal course of State proceedings – the direct appeal is considered first and, if no relief is awarded, the post-conviction proceedings move forward – the alleged

failure to act on Hoerner's post-conviction petition has not been stymied by any demonstrable effort to subvert Maryland law. Further, Hoerner's request that this court compel respondents to provide him with evidence of Officer B. Kiracofe's perjury, order the Court of Special Appeals to stay the direct appeal until after the post-conviction proceedings have been exhausted, and order the respondents to file a response addressing the merits of his petition are not forms of relief available from this court. *See* ECF 5 at 5. This Court has no jurisdiction to issue an order commanding a State court to stay proceedings, granting a motion, or otherwise directing the conduct of business in the State courts. *See Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969). Additionally, this Court does not have jurisdiction over the unexhausted claims asserted by Hoerner in his petition. *See* 28 U.S.C. § 2254(b)(1)(A). The petition must therefore be dismissed without prejudice.

## Certificate of Appealability

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Hoerner may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate order dismissing the petition without prejudice and declining to issue a certificate of appealability follows.

March 2, 2022                                  /s/
Date                                                 Stephanie A. Gallagher
                                                        United States District Judge